UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:08-cv-242-RJC-DSC

NORMAN LEE GATEWOOD, )
 )
       **Plaintiff,** )
 )
vs. )
 )
IBM CORPORATION, ) **ORDER**
 )
       **Defendant.** )
 )

**THIS MATTER** is before the Court upon Defendant's Motion for Summary Judgment (Doc. No. 14), Defendant's Memorandum in Support of the Motion (Doc. No. 15), and Plaintiff's Response (Doc. No. 17). For the following reasons, Defendant's Motion for Summary Judgment is **GRANTED** and Plaintiff's case is **DISMISSED**.

## I.    BACKGROUND

Plaintiff Norman Lee Gatewood ("Gatewood") worked as a supplemental employee for Defendant IBM Corporation ("IBM") from July 23, 2009 through January 24, 1992 and again from September 6, 1994 through September 30, 1995. (Doc. No. 14-4 at 9). At that time, supplemental employees of IBM were eligible for paid holidays, but no other benefits. (Doc. No. 14-5 at 4-5).

Gatewood worked as a regular employee for IBM from May 6, 1996 until May 31, 1998. (Doc. No. 1 at 10). As a regular employee, Gatewood was eligible to participate in the IBM employee benefits plans, including the IBM Personal Pension Plan ("the Plan"). Under the terms in effect when Gatewood separated from IBM in 1998, an employee must have five or more years of continuous service to be fully vested in the Plan. (Doc. No. 14-4 at 27). When Gatewood left

1

IBM, time spent as a supplemental employee was not considered toward the vesting requirement. (Doc. No. 14-3 at 3).

During 2007, IBM implemented a supplemental spanning program, through which IBM provided vesting credit to former employees for certain time as a supplemental employee. (Doc. No. 14-3 at 3). In addition, during the 2007 time frame, Gatewood received notice that he was potentially a member of a class covered by a settlement in the case of <u>Cooper et al. v. IBM Personal Pension Plan and IBM Corporation</u>, No. 99-829-GPM (S.D.Ill.). (Doc. No. 1 at 11). After receiving the notice, Gatewood contacted IBM's benefits services to inquire about his pension status.

Fidelity Investments provides benefits administration services for IBM. (Doc. No. 14-3 at 3). Fidelity investigated Gatewood's pension status and determined that Gatewood was vested under the Plan. A Fidelity representative called the telephone number on file for Gatewood and left a message with the person who answered. (Doc. No. 14-3 at 3). Gatewood never returned the call.

On May 27, 2008, Gatewood, proceeding <u>pro se</u>, filed a lawsuit against IBM to recover his benefits. Gatewood used the Court's form complaint for claims under 42 U.S.C. § 1983 and 42 U.S.C. § 1985. (Doc. No. 1). After IBM was served process, IBM's counsel contacted Gatewood and requested that he contact a Fidelity representative to discuss his pension eligibility and benefits. (Doc. No. 14-3 at 3). Gatewood submitted the necessary benefit forms to the Fidelity representative. On September 20, 2008, Fidelity notified Gatewood that his benefit election had been processed. Gatewood received a check to cover his retroactive benefits from June 1, 1998 through September 2008 in the amount of $3,541.25. (Doc. No. 14-4 at 14). Gatewood will also receive an annuity of $28.47 per month for life based on his benefit election. (Doc. No. 14-4 at 14). IBM now moves for summary judgment as to all claims filed by Gatewood.

## II. STANDARD OF REVIEW

Summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). Once this initial burden is met, "the burden shifts to the nonmoving party to show that there are genuine issues of material fact." Emmett v. Johnson, 532 F.3d 291, 297 (4th Cir. 2008). The party opposing a motion for summary judgment may not rest upon mere allegations or denials in his pleadings, but "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)); see Anderson, 477 U.S. at 252 (explaining that a "mere existence of a scintilla of evidence" is insufficient to overcome summary judgment). "[T]he non-moving party must present sufficient evidence such that 'reasonable jurors could find by a preponderance of the evidence' for the non-movant." Sylvia Dev. Corp. v. Calvert County, 48 F.3d 810, 818 (4th Cir. 1995) (quoting Anderson, 477 U.S. at 252). When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the non-moving party. Matsushita, 475 U.S. at 587.

## III. DISCUSSION

### A. ERISA Claims

IBM moves for summary judgment as to Gatewood's claim for benefits because Gatewood failed to exhaust his administrative remedies before filing suit.[1] Although the Employee Retirement Income Security Act of 1974 ("ERISA") does not provide an explicit exhaustion provision, claimants must exhaust the administrative remedies provided by the employee benefit plan before filing an ERISA lawsuit for denial of benefits. Makar v. Health Care Corp., 872 F.2d 80, 82 (4th Cir. 1989). The Fourth Circuit explained that "the exhaustion requirement rests upon the Act's text and structure as well as the strong federal interest encouraging private resolution of ERISA disputes." Id.

Here, the Plan provides specific, written procedures that a claimant must follow to file a benefits claim under the Plan and to appeal the denial of benefits. (Doc. No. 14-6 at 30-31). Gatewood failed to exhaust the Plan's grievance procedures and failed to appeal the denial of benefits before filing this lawsuit. Therefore, the Court grants summary judgment as to Plaintiff's claim for benefits. See Moses v. Provident Life & Accident Ins. Co., No. 1:01cv411, 2003 U.S. Dist. LEXIS 4539, at *8 (M.D.N.C. March 21, 2003) ("If an employee fails to follow the benefit plans' internal procedures for review of a denial of benefits, summary judgment should be granted for failure to exhaust the administrative remedies under ERISA.").

---

[1] Even though Gatewood never referred to his benefits claim as an ERISA claim, the Court will treat the benefits claim as an ERISA claim, because "ERISA exclusively governs all claims for benefits under an ERISA-governed employee benefit plan." Wade v. Hampton Rds. Shipping Ass'n, No. 2:07cv327, 2007 U.S. Dist. LEXIS 82960, at *8 (E.D. Va. Nov. 7, 2007).

4

### B. 42 U.S.C. § 1983 Claim

IBM also moves for summary judgment as to Plaintiff's § 1983 claim because IBM was not acting under "color of state law." To prevail on a § 1983 claim, the plaintiff must prove "(1) that [he was] deprived of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation was committed under color of state law." Am. Mfs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 (4th Cir. 2009) (internal quotation marks and citation omitted). "Consequently, [t]he person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." Id. (internal quotation marks and citation omitted).

IBM is not a state actor. Even if the Court construes the allegations liberally, Plaintiff has not alleged that IBM acted under color of state law. Accordingly, the Court grants summary judgment in favor of Defendant as to the § 1983 claim.

### C. 42 U.S.C. § 1985 Claim

Last, IBM moves for summary judgment as to Gatewood's § 1985 claim. Sections 1985(1) and 1985(2) are inapplicable here because they relate to alleged conspiracies to prevent officers from discharging their duties and alleged conspiracies to obstruct justice. 42 U.S.C. §§ 1985(1) & (2). Section 1985(3) addresses conspiracies to violate an individual's civil rights. To establish a § 1985(3) claim, a plaintiff must establish "(1) a conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the

plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy." Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir. 1995).

Here, Gatewood has not alleged any of the elements of a § 1985(3) claim. Gatewood has only alleged that he was denied benefits. Therefore, the Court grants summary judgment in favor of Defendant as to the § 1985 claim.

## VI. CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. Defendant's Motion for Summary Judgment (Doc. No. 14) is **GRANTED**; and

2. Plaintiff's case is **DISMISSED**.

Signed: June 11, 2009

Robert J. Conrad, Jr.
Chief United States District Judge